# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| HYEYOUNG BYUN, derivatively on behalf of Nikola Corporation,<br><br>Plaintiff,<br><br>v.<br><br>TREVOR MILTON, STEVE GIRSKY, STEVE SHINDLER, MARK RUSSELL, KIM J. BRADY, SOPHIA JIN, MIKE MANSUETTI, GERRIT MARX, LON STALSBERG, DEWITT THOMPSON, V, JEFF UBBEN, ROBERT GENDELMAN, SARAH W. HALLAC, RICHARD J. LYNCH, AND VICTORIA MCINNIS,<br><br>Defendants,<br><br>and<br><br>NIKOLA CORPORATION,<br><br>Nominal Defendant. | Case No. 1:20-cv-01277-CFC |

## JOINT STIPULATION AND PROPOSED ORDER STAYING PROCEEDINGS

WHEREAS, Plaintiff Hyeyoung Byun ("Plaintiff") filed the above-captioned shareholder derivative action (the "Derivative Action") against certain of Nikola Corporation's ("Nikola" or "Company") current and former officers and

directors: Trevor Milton, Steve Girsky, Steve Shindler, Mark Russell, Kim J. Brady, Sophia Jin, Mike Mansuetti, Gerrit Marx, Lon Stalsberg, Dewitt Thompson, V, Jeff Ubben, Robert Gendelman, Sarah W. Hallac, Richard J. Lynch and Victoria McInnis (collectively, "Individual Defendants," and together with Nominal Defendant Nikola, the "Defendants") (Plaintiff and Defendants are collectively referred to herein as the "Parties");

WHEREAS, there are currently three pending putative class actions ("Securities Class Actions") against Nikola alleging violations of securities laws arising from statements and circumstances similar to those appearing in this Derivative Action, styled as *Borteanu v. Nikola Corp. et al.,* Case No. 2:20-cv-01797 (Sept. 15, 2020, D. Ariz.); *Salem v. Nikola Corp. et al.*, Case No. 1:20-cv-04354 (Sept. 16, 2020, E.D.N.Y.) and *Wojichowski v. Nikola Corp. et al.* Case No. 2:20-cv-01819 (Sept. 17, 2020, D. Ariz.);

WHEREAS, the parties in the Derivative Action have conferred and agree that future developments in the ongoing litigation of the Securities Class Actions may have implications for the Derivative Action; and

WHEREAS, the Parties agree that a stay of the Derivative Action is appropriate in that it would better preserve the resources of the parties and the Court, and would more closely align the proceedings in the Derivative Action with the proceedings in the Securities Class Actions.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, subject to the Court's approval, that:

1. The Derivative Action, including but not limited to all motion practice, obligations to respond to the operative complaint, and all discovery and disclosure obligations under the applicable local and federal rules are hereby stayed until 30 days after the earlier of the following of events: (a) the Securities Class Actions are dismissed in their entirety with prejudice; (b) Defendants file an answer to any complaint in the Securities Class Actions; or (c) a joint request by Plaintiff and Defendants to lift the Stay.

2. If the stay of proceedings expires pursuant to Paragraph 1 above, the Parties shall within twenty (20) days meet and confer and submit a proposed scheduling order governing further proceedings in the Derivative Action, including the date by which Defendants must answer, move against, or otherwise plead in response to the complaint.

3. Defendants shall promptly notify Plaintiff of any related derivative lawsuits or threatened related derivative lawsuits of which they become aware.

4. Defendants shall promptly notify Plaintiff if the plaintiff in any related derivative lawsuit refuses to agree to a stay that is for the same or longer duration.

5. If the plaintiff in any related derivative lawsuit refuses to agree to a stay that is for the same or longer duration, after conferring with the opposing Party, any Party may lift the stay after 30 days' notice via email to all of the undersigned counsel. In the event a Party provides notice that it intends to lift the stay, each Party reserves the right to move to stay the Derivative Action. Should a Party lift the stay pursuant to this Paragraph of the Stipulation, all of the remaining terms of this Stipulation, except for Paragraph 9, shall be rendered null and void.

6. Defendants shall promptly notify Plaintiff if any shareholder of Nikola makes a demand on the Company pursuant to 8 *Del. C.* § 220 ("Section 220") to produce documents concerning the conduct challenged in the Derivative Action. Defendants shall promptly produce to Plaintiff any such documents concerning the conduct challenged in the Derivative Action, subject to a mutually agreed upon protective order entered by the Court governing the use of confidential information, in the event that the Company produces them to another shareholder and that shareholder also commences a related derivative lawsuit. The provision of any such discovery materials will not constitute a waiver of, or in any way limit, Defendants' right to: (i) move to dismiss the Derivative Action on any applicable ground, including but not limited to for failure to adequately plead demand futility, or make a pre-suit demand; or (ii) object to any subsequent discovery requests propounded by Plaintiff in the Derivative Action.

7. Should discovery proceed in the Securities Class Actions and the Derivative Action continues to be stayed by virtue of this Stipulation, or a further Stipulation or Court Order, Plaintiff will be provided copies of written discovery responses and documents produced by Securities Class Action Defendants, to the extent they are relevant to the claims or defenses in the Derivative Action.  The provision of any such discovery materials will only be made pursuant to a mutually agreed upon protective order entered by the Court governing the use of confidential information, and will not constitute a waiver of, or in any way limit, Defendants' right to: (i) move to dismiss the Derivative Action on any applicable ground, including but not limited to for failure to adequately plead demand futility, or make a pre-suit demand; or (ii) object to any subsequent discovery requested propounded by Plaintiff in the Derivative Action.

8. Plaintiff hereby agrees that to the extent copies of documents are produced pursuant to paragraphs 6 and/or 7 of this Stipulation, and Plaintiff subsequently files an amended or consolidated complaint in the Derivative Action, such previously-produced copies of documents shall be deemed incorporated by reference into any such future amended or consolidated complaint.  Plaintiff agrees not to make any arguments contrary to this provision in any motion or otherwise.

9. Defendants hereby accept service of the complaint in the Derivative Action, without waiver of or prejudice to any rights, arguments, or

defenses any Defendant may have (other than those based solely on the failure to complete service), including but not limited to defenses based on lack of personal jurisdiction.

10. While the Derivative Action is stayed, and for up to one year after the stay is lifted, Defendants shall promptly advise Plaintiff of any mediation proceedings in the Securities Class Actions, and shall seek to include Plaintiff in them, but in the event that plaintiffs in the Securities Class Actions object, Defendants shall mediate with Plaintiff at or about the same time. While the Derivative Action is stayed, and for up to one year after the stay is lifted, Defendants shall promptly advise Plaintiff of any mediation proceedings in any related derivative lawsuit, and/or in any threatened related derivative lawsuit, and shall seek to include Plaintiff in them, but in the event that plaintiffs in the related derivative lawsuit and/or threatened related derivative lawsuit object, Defendants shall mediate with Plaintiff at or about the same time.

11. Notwithstanding a stay of this Derivative Action, Plaintiff may file one amended complaint as a matter of course, without seeking leave of the Court. Without waiving any defenses or objections, Defendants shall be under no obligation to answer, move, or otherwise respond to the complaint or any such amended complaints while the Derivative Action is stayed.

12. Any conferences currently scheduled in the Derivative Action are postponed until after the stay of proceedings expires.

13. Nothing herein shall be deemed to constitute a waiver of any of the Parties' claims or defenses, and all Parties preserve all substantive, procedural, and/or jurisdictional arguments.

14. The existence of this Stipulation, the contents thereof, and any negotiations or proceedings in connection therewith shall not be deemed a presumption, concession, finding, or admission by any of the Parties of any fault, liability, or wrongdoing.

| FARNAN LLP | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|---|---|
| */s/ Brian E. Farnan* | */s/ Sabrina M. Hendershot* |
| Brian E. Farnan | William M. Lafferty (#2755) |
| Michael J. Farnan | Susan W. Waesco (#4476) |
| 919 N. Market St., 12th Floor | Sabrina M. Hendershot (#6286) |
| Wilmington, DE 19801 | 1201 N. Market Street |
| (302) 777-0300 | Wilmington, DE 19801 |
| bfarnan@farnanlaw.com | (302) 658-9200 |
| mfarnan@farnanlaw.com | wlafferty@mnat.com |
| | swaesco@mnat.com |
| OF COUNSEL: | shendershot@mnat.com |
| Timothy Brown | OF COUNSEL: |
| THE BROWN LAW FIRM, P.C. | |
| 240 Townsend Square | Asheesh Goel, P.C. |
| Oyster Bay, NY 11771 | Gabor Balassa, P.C. |
| (516) 922-5427 | Whitney L. Becker |
| tbrown@thebrownlawfirm.net | KIRKLAND & ELLIS LLP |
| | 300 N. LaSalle Street |
| *Attorneys for Plaintiff* | Chicago, IL 60654 |
| | (312) 862-2000 |
| | asheesh.goel@kirkland.com |
| | gbalassa@kirkland.com |
| | whitney.becker@kirkland.com |
| | Jeremy A. Fielding, P.C. |
| | KIRKLAND & ELLIS LLP |
| | 1601 Elm Street |
| | Dallas, TX 75201 |
| | (214) 972-1770 |
| | jeremy.fielding@kirkland.com |
| | Aaron Marks, P.C. |
| | KIRKLAND & ELLIS LLP |
| | 601 Lexington Avenue |
| | New York, NY 10022 |
| | (212) 446-4800 |
| | aaron.marks@kirkland.com |
| | *Attorneys for Defendants Mark A. Russell and Kim Brady, and Nominal Defendant Nikola Corporation* |

8

CONNOLLY GALLAGHER LLP

*/s/ Henry E. Gallagher, Jr.*
Henry E. Gallagher, Jr.
1201 North Market Street, 20th Floor
Wilmington, DE 19801
(302) 888-6288
hgallagher@connollygallagher.com

OF COUNSEL:

Bradley J. Bondi
Peter J. Linken
CAHILL GORDON & REINDEL LLP
32 Old Slip
New York, NY 10005
(212) 701-3000
bbondi@cahill.com
plinken@cahill.com

*Attorneys for Defendant Trevor Milton*

POTTER ANDERSON & CORROON LLP

*/s/ Peter J. Walsh, Jr.*
Peter J. Walsh, Jr. (#2437)
Jonathan A. Choa (#5319)
Tracey E. Timlin (#6469)
P.O. Box 951
Hercules Plaza
Wilmington, DE 19899
(302) 984-6000
pwalsh@potteranderson.com
jchoa@potteranderson.com
ttimlin@potteranderson.com

9

OF COUNSEL:

Ellen V. Holloman
Jaclyn A. Hall
CADWALADER, WICKERSHAM &
TAFT LLP
200 Liberty Street
New York, NY 10281
(212) 504-6000
Stephen.fraidin@cwt.com
Ellen.holloman@cwt.com
Jaclyn.hall@cwt.com

*Attorneys for Defendants Robert Gendelman, Sarah Hallac, Richard Lynch, and Victoria McInnis*

IT IS SO ORDERED this ___ day of _____, 2020.

_____
The Honorable Judge Colm F. Connolly
United States District Judge

10